**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jack Nevins,<br><br>                    Plaintiff,<br><br>vs.<br><br>Upward Foundation, an Arizona non-profit corporation,<br><br>                    Defendant. | No. CV-11-00563-PHX-NVW<br><br>**ORDER** |

Before the Court is Defendant's Motion to Dismiss Complaint (Doc. 6) and Plaintiff's Motion for Leave to Amend Complaint (Doc. 8). The Court will grant Defendant's motion and deny Plaintiff's motion as moot in light of the pending motion for leave to file a second amended complaint.

**I.      MOTION TO DISMISS LEGAL STANDARD**

To state a claim for relief under Fed. R. Civ. P. 8(a), a plaintiff must make "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). This "short and plain statement" must also be "plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim is plausible if it contains sufficient factual matter to permit a reasonable inference that the defendant is liable for the conduct alleged. *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is]

a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 1950.

A proper complaint needs no "formulaic recitation of the elements of a cause of action," *see Twombly*, 550 U.S. at 555, but the plaintiff must at least "allege sufficient facts to state the elements of [the relevant] claim," *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1122 (9th Cir. 2008). All of the plaintiff's plausible factual allegations are accepted as true and the pleadings are construed in a light most favorable to the plaintiff. *Knievel*, 393 F.3d at 1072.

## II.  BACKGROUND

The following facts are accepted as true for purposes of Upward Foundation's motion to dismiss.

Defendant Upward Foundation is an Arizona nonprofit corporation that receives federal financial assistance. On August 14, 2001, Defendant Upward Foundation hired Plaintiff Jack Nevins to be Upward Foundation's executive director. At that time, someone at Upward Foundation told Nevins that he would receive deferred compensation, just as previous executive directors had received deferred compensation. Upward Foundation's Board of Directors approved such deferred compensation for Nevins before hiring him, amounting to $225,000 after five years of employment, and $337,500 after 10 years of employment. Nevins, however, never received a copy of that Board resolution, nor did he receive any other document memorializing the terms of deferred compensation, but he knew that such deferred compensation would be funded through a life insurance policy on his own life. Such a policy was indeed issued on December 13, 2002.

In 2009, Nevins began discussing the deferred compensation plan with Upward Foundation representatives. The plan had not been fully funded, and Nevins wanted to reduce the deferred compensation arrangement to writing. Upward Foundation agreed to negotiate with Nevins on this issue.

Around the same time, Nevins began to experience problems with one of his eyes, requiring multiple surgeries and eventually resulting in legal blindness. These medical issues lasted through February 2010, during which time very little progress was made on Nevins's deferred compensation agreement.

Despite these medical challenges, Nevins missed little time at work. In fact, throughout Nevins's time at Upward Foundation, he had never received a negative performance review, written warning, or disciplinary action of any type. However, according to minutes from Upward Foundation's board meeting on January 18, 2010, the president of Upward Foundation's board of directors, Alan Havir, moved to terminate Nevins as soon as possible. The board approved the motion and directed Havir to inform Nevins of the termination as soon as possible.

Nevins was not aware of the board's resolution at the time the board made it, and Havir did immediately say anything to Nevins. In mid-February 2010, Havir visited Nevins at the office and asked about Nevins's health but did not mention the board resolution. About a week later, Havir terminated Nevins without explanation. Nevins was offered a severance package, but that package was withdrawn when Nevins informally asserted legal claims against Upward Foundation. To this date, Nevins has not received any severance or deferred compensation, although the life insurance policy that was supposed to fund his deferred compensation is currently worth about $200,000.

### III. PROCEDURAL HISTORY

Nevins believes that Upward Foundation fired him either because of his medical conditions, his insistence on reducing the deferred compensation agreement to writing and making sure it was funded, or both. To that end, he alludes to a discrimination charge filed with the EEOC (Doc. 1-1 ¶ 49), and he eventually filed suit in Maricopa County Superior Court, alleging three causes of action: (1) violation of the Rehabilitation Act, 29 U.S.C. § 794; (2) violation of the Arizona Wage Act, A.R.S. § 23-350 to -362; and violation of the Arizona Employment Protection Act, A.R.S. § 23-1501. Upward

Foundation removed to this Court based on federal question jurisdiction and has now moved to dismiss.

## IV. ANALYSIS

### A. Rehabilitation Act Claim

The Rehabilitation Act provides: "No otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U.S.C. § 794(a). Nevins claims that his blindness makes him an "individual with a disability," and that Upward Foundation terminated him "[m]otivated in part by Plaintiff's disability, and Defendant's perception of Plaintiff being disabled." (Doc. 1-1 ¶ 37.)

As alleged, Nevins cannot sustain a Rehabilitation Act claim because he claims that Upward Foundation was "[m]otivated in part by [his] disability," rather than motivated "solely" by his disability, as the Rehabilitation Act requires. As pleaded, then, the claim must be dismissed.

### B. Wage Act Claim

#### 1. Deferred Compensation as "Wages"

Under the Wage Act, "if an employer . . . fails to pay wages due any employee, the employee may recover in a civil action against an employer or former employer an amount that is treble the amount of the unpaid wages." A.R.S. § 23-355(A). The Wage Act defines "wages" as

> nondiscretionary compensation due an employee in return for labor or services rendered by an employee for which the employee has a reasonable expectation to be paid whether determined by a time, task, piece, commission or other method of calculation. Wages include sick pay, vacation pay, severance pay, commissions, bonuses and other amounts promised when the employer has a policy or a practice of making such payments.

A.R.S. § 23-350(5).

Upward Foundation argues that deferred compensation is not "wages" for purposes of the Wage Act. No located authority answers the question of whether deferred compensation qualifies as "wages," but the Wage Act as a whole demonstrates that "wages" refers primarily to regularly received compensation. *See* A.R.S. § 23-351(C). Nevins's alleged deferred compensation does not fall under this definition. Accordingly, the Wage Act claim will be dismissed for failure to state a claim.

### 2. ERISA Preemption

Upward Foundation also argues that the Employment Retirement Income Security Act (ERISA) preempts Nevins's Wage Act claim. Specifically, Upward Foundation claims that the deferred compensation arrangement Nevins described in his complaint qualifies as a "plan . . . established or maintained by an employer . . . [that] results in a deferral of income by employees for periods extending to the termination of covered employment or beyond." 29 U.S.C. § 1002(2)(A)(ii). Nevins's alleged deferred compensation arrangement falls within this definition. Accordingly, Nevins's Wage Act claim fails both because his deferred compensation is not "wages" under the Wage Act, and because ERISA preempts the claim.

### C. Employment Protection Act Claim

### 1. The Employment Protection Act's Applicability

The Arizona Employment Protection Act allows employees to bring wrongful termination claims against employers under various circumstances, but none of those circumstances apply to Nevins's allegation that Upward Foundation terminated him because he had complained about the absence of a written deferred compensation agreement. Nevins's claim that he was fired because of his legal blindness does fit within the Employment Protection Act's deference to bringing wrongful termination claims when "[t]he employer has terminated the employment relationship of an employee in violation of a statute of this state . . . including . . . the civil rights act prescribed in title 41, chapter 9." A.R.S. § 23-1501(3)(b)(i). However, because the Civil Rights Act "provides a remedy to an employee," that Act's statutory remedies "are the exclusive

remedies" available to Nevins. A.R.S. § 23-1501(3)(b). He cannot sure under the Employment Protection Act. Hence, Nevins's third cause of action does not state a claim for relief.

### 2. ERISA Preemption

Upward Foundation claims that, like Nevins's Wage Act claim, ERISA preempts Nevins's Employment Protection Act claim. Upward Foundation is correct, and therefore Nevins's Employment Protection Act claim also founders on ERISA.

### D. Leave to Amend

At the same time Nevins filed his response to Upward Foundation's motion to dismiss, he filed a motion to amend his complaint. Nevins has since filed a motion for leave to file a second amended complaint. The first motion for leave is therefore moot, and the Court will await full briefing on the second motion.

IT IS THEREFORE ORDERED that Upward Foundation's Motion to Dismiss Complaint (Doc. 6) is GRANTED.

IT IS FURTHER ORDERED that Nevins's Motion for Leave to Amend Complaint (Doc. 8) is DENIED as moot.

Dated this 30th day of June, 2011.

_____
Neil V. Wake
United States District Judge